JACK CORRIGAN, Plaintiff, *v.* HARRY KAHN and MURRAY KAHN, Defendants.

County Court, Kings County, January, 1923.

**Supplementary proceedings — a Municipal Court judgment docketed in the county clerk's office becomes a judgment of the Supreme Court — execution must be directed to the sheriff — county judge without jurisdiction when execution directed to city marshal.**

Judgment was recovered against defendants in a Municipal Court. A transcript was filed and judgment docketed in the Queens county clerk's office. Thereafter a transcript was issued and filed and the judgment docketed in the Kings county clerk's office and execution issued to a marshal of the city of New York and returned unsatisfied.

Application is made for an order to show cause why an attachment should not issue for defendants' failure to appear pursuant to an order in supplementary proceedings. *Held,* that upon the filing of the transcript and docketing of the judgment in the Queens county clerk's office, in which county the judgment was rendered, the judgment became a judgment of the Supreme Court; that in order to give the county judge of Kings county jurisdiction in supplementary proceedings execution must have issued to the sheriff of the county of Kings; that an execution to the city marshal issues only out of the Municipal Court of the city of New York; that the order, the failure to obey which is the basis of this application, not having been properly made is vacated and the application denied.

APPLICATION for order to show cause why attachment should not issue.

*Denenholz & Pike,* for plaintiff

No appearance for defendant.

11

McLAUGHLIN, J. This is an application for an order to show cause why an attachment should not issue in a supplementary proceeding for the reason that the judgment debtors did not appear and were not present at the time and place mentioned in the order. The order itself was made upon an affidavit which discloses that the judgment was recovered in a Municipal Court, a transcript filed and the judgment duly docketed in the office of the clerk of the county of Queens, a transcript then issued and filed and the judgment docketed in the office of the clerk of the county of Kings, and the execution issued to a marshal of the city of New York and returned unsatisfied. Upon the filing of the transcript and docketing of the judgment in the office of the clerk of Queens county in which the judgment was rendered it became a judgment of the Supreme Court to be enforced accordingly. New York Mun. Ct. Code, § 131. The transcript issued by the clerk of the county of Queens when docketed in the office of the clerk of the county of Kings had the same effect as a judgment as it had in the county of Queens. New York Mun. Ct. Code, § 133. An execution must be directed to the sheriff. Civ. Prac. Act, § 636. It must require the sheriff to return it to the proper clerk within sixty days thereof. Civ. Prac. Act, § 640. " Where an execution is issued out of a court other than that in which the judgment was rendered, upon filing a transcript of the judgment rendered in the latter court, it must also specify the clerk with whom the transcript is filed and the time of filing; and it must be made returnable to that clerk." Civ. Prac. Act, § 641. An execution against property can be issued only to a county in the clerk's office of which the judgment is docketed. Civ. Prac. Act, § 648. In order that the supplementary proceeding be properly instituted before a county judge of the county of Kings the execution must issue to the county, that is to the sheriff of the county of Kings all in accordance with the procedure hereinbefore set forth. Civ. Prac. Act, § 778; *Glaser* v. *Moran Greenberg Corpn.*, N. Y. L. J. Dec. 22, 1922.

Execution to a city marshal issues only out of the Municipal Court of the city of New York under section 135 of the New York City Municipal Court Code, and the return is made to the proper clerk of that court. After a transcript is issued by the clerk of that court no execution may be issued out of that court to a marshal and once the transcript is filed in the county clerk's office the execution must issue to the sheriff. New York Mun. Ct. Code, § 130.

Counsel seems to be of the opinion that sections 775 and 778 of the Civil Practice Act authorize the procedure followed. Section 778 was section 2434 of the Code of Civil Procedure as amended

last in 1911 before the Municipal Court became a court of record and the only way in which a supplementary proceeding might be instituted thereunder in Kings county upon a judgment recovered in the Municipal Court in the borough of Brooklyn was as I have hereinbefore outlined. With the Municipal Court made a court of record in 1915 (Laws of 1915, chap. 279), and the amendment of section 775 of the Civil Practice Act, adding subdivision 4 thereof, by the Laws of 1922, chapter 550, in effect April 11, 1922, it would seem that a judgment creditor may institute a supplementary proceeding in a Municipal Court where the execution issues out of that court, a court of record, to a marshal and the return is made to the proper clerk. If not, then the proceeding must be instituted in the City Court or the practice follow that prevailing before the amendment. The section of the Civil Practice Act in question setting forth the amendment here follows:

" § 775. * * * In order to entitle a judgment creditor to maintain either of the special proceedings authorized by this article, the judgment must have been rendered for a sum not less than twenty-five dollars, upon the judgment debtor's appearance or personal service of the summons upon him, or substituted service of the summons upon him in accordance with section two hundred and thirty-one of this act; and the *execution must have been issued out of a court of record; and either:*

" 1. To the sheriff of the county where the judgment debtor, at the time of the commencement of the special proceedings, has a place for the regular transaction of business in person; or,

" 2. If the judgment debtor is then a resident of the state, to the sheriff of the county where he resides; or,

" 3. If he is not then a resident of the state, to the sheriff of the county where the judgment-roll is filed, unless the execution was issued out of a court other than that in which the judgment was rendered, and, in that case, to the sheriff of the county where the transcript of the judgment is filed; or,

" 4. *If the judgment was recovered in the municipal court of the city of New York, to a city marshal* pursuant to sections one hundred and thirty and one hundred and thirty-five of the New York city municipal court code."

The order, the failure to obey which is the basis of this application for attachment for contempt, not having been properly made it is hereby vacated and canceled and the application is denied.

Present formal order for signature.

Ordered accordingly.